```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
TYRONE DEANGELO EVERETT,

                    Plaintiff,

         -against-                              MEMORANDUM AND ORDER
                                                Case No. 2:20-cv-4449 (FB)
COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.
--------------------------------------------------x
```

*Appearances:*
*For the Plaintiff:*                    *For the Defendant:*
DANIEL A. OSBORN                        SERGEI ADEN
Osborn Law, P.C.                        Special Assistant U.S. Attorney
43 West 43rd St., Suite 131             Eastern District of New York
New York, NY 10036                      271 Cadman Plaza East
                                        Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Following a remand from this Court in 2021, Tyrone DeAngelo Everett received past-due disability benefits from the Social Security Administration ("SSA"). His counsel, Daniel A. Osborn, now seeks approval of an award of $17,506.50 in attorney's fees.

A brief procedural summary is necessary. After this Court remanded the case, the Court approved a stipulation of an attorney-fee award of $8,300.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On November 30, 2023, the SSA sent a Notice of Award ("NOA") letter advising Everett that he was

due benefits and that the SSA had withheld $17,506.50 to pay a possible attorney-fee request.

First, the Court finds that Osborn was timely in bringing this motion because of his delay in receiving the NOA. While the NOA is dated November 30, 2023, Osborn represents that he did not receive the NOA until December 7, 2023. Accordingly, this § 406(b) attorney-fee motion, made on December 19, 2023, is within the fourteen-day window and thus deemed timely. *See Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019) (fourteen-day filing period for § 406(b) attorney-fee applications).

Second, turning to the requested attorney-fee award, the Court determines that $17,506.50 is reasonable under the circumstances. 42 U.S.C. § 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." Reasonableness depends on three factors: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency-fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large it constitutes a windfall to the attorney. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). As indicated by the NOA, the proposed fee award here is below the 25% cap, and the Court is aware of no

evidence of fraud or attorney overreach.

To assess the third factor, the Second Circuit has directed district courts to consider (1) the expertise and ability of the claimant's lawyer and whether he or she was particularly efficient; (2) the nature and length of the lawyer's professional relationship with the claimant, including any representation at the agency level; (3) the satisfaction of the claimant; and (4) the level of uncertainty of an award of benefits and the efforts it took to achieve the result of a disability ruling. *See Fields v, Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022) (de facto hourly rate of $1,556.98 was reasonable). Having considered those guidelines, the Court finds that the requested award does not constitute a windfall.

Finally, an attorney cannot receive fees under both the EAJA and § 406(b) and must ordinarily refund the smaller fee award to the claimant. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Here, however, Osborn states that he did not receive any of the $8,300 in EAJA fees because the United States Treasury seized $7,793.85 of the award to satisfy Everett's state tax obligations. Osborn is "unaware of the disposition of the remaining $506.15." Accordingly, because Osborn did not receive EAJA fees, he is not required to return any EAJA fees to Everett at the moment. *See Naomi F. v. Comm'r of Soc. Sec.*, No. 6:21-CV-06092-EAW, 2024 WL 833026, at *4 (W.D.N.Y. Feb. 28, 2024).

Accordingly, the Court approves Osborn's requested attorney-fee award of $17,506.50 under § 406(b) to be paid by the Commissioner out of the proceeds awarded to Everett as past-due benefits. Should Osborn receive any of the remaining $506.15 in EAJA fees, he is directed to refund the amount to Everett. *See Ward v. Kijakazi*, No. 20CV5412PGGJLC, 2023 WL 329210, at *4 (S.D.N.Y. Jan. 20, 2023), *report and recommendation adopted*, No. 20CIV5412PGGJLC, 2023 WL 5321032 (S.D.N.Y. Aug. 18, 2023) (directing counsel to do the same if he eventually receives the EAJA award).

    **SO ORDERED.**

                                                                       /S/ Frederic Block_____
                                                                       FREDERIC BLOCK
                                                                       Senior United States District Judge

Brooklyn, New York
March 18, 2024